UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-5736 DMG (JEMx) | Date | July 21, 2021 |
| Title | M.B. v. Colortone, Inc., et al. | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO LOS ANGELES COUNTY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

On April 29, 2021, Plaintiff M.B., a minor appearing by and through her guardian *ad litem* Satenik Vardanyan, filed a Complaint in Los Angeles County Superior Court alleging claims for general negligence and products liability against Defendants Colortone, Inc. and Amazon.com, based on an allergic reaction M.B. allegedly suffered after wearing a t-shirt manufactured, designed, and sold by Defendants. [Doc. # 1-1.] On July 15, 2021, Defendant Amazon.com, Inc. filed a Notice of Removal to this Court, asserting that this Court has diversity jurisdiction over this case under 28 U.S.C. section 1332. [Doc. # 1.][1]

Diversity jurisdiction under 28 U.S.C. § 1332 requires that the parties to the suit are of diverse citizenship and that the amount in controversy exceeds $75,000. "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citation omitted). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal quotation marks and citation omitted).

In determining whether the removing party has met its burden, courts in the Ninth Circuit consider facts presented in the removal petition as well as any "'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations regarding the amount in controversy will not suffice. *Id.* at 1090–91.

---

[1] Defendant Amazon.com was served on June 18, 2021, and Amazon.com asserts that the state court docket does not reflect any service on Colortone, Inc. Not. of Removal at ¶¶ 12-13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-5736 DMG (JEMx) | Date | July 21, 2021 |
|---|---|---|---|

| Title | M.B. v. Colortone, Inc., et al. | Page | 2 of 2 |
|---|---|---|---|

    Amazon.com, Inc. has provided insufficient facts for the Court to determine that the action satisfies the $75,000 threshold. While Plaintiff's complaint indicates that her civil action "exceeds $25,000," Compl. at 1 [Doc. # 1-1], it does not otherwise appear to indicate the damage amount that she seeks. The removal notice conclusorily states that it is "facially apparent" that the amount in controversy exceeds $75,000 because Plaintiff alleges "significant bodily injuries" based on her "infection, allergic reaction, rash and/or reddening/swelling." Not. of Removal at ¶¶ 9-10. Plaintiff seeks also seeks damages for loss of wages, loss of earning capacity, hospital and medical expenses, and incidental damages. *Id.* at ¶ 9. The Complaint does not indicate, however, any specific amount of expenses Plaintiff incurred as of the time of removal, and it does not allege punitive damages.

    Amazon.com, Inc. is hereby **ORDERED TO SHOW CAUSE** why this action should not be remanded to Los Angeles County Superior Court for lack of subject matter jurisdiction. It shall file its response by no later than **July 28, 2021**. Plaintiff may file a reply by no later than **August 4, 2021**.

**IT IS SO ORDERED.**