Julie L. Hussey, Bar No. 237711
JHussey@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130-2594
Telephone: 858.720.5700
Facsimile: 858.720.5799

Elliott J. Joh, Bar No. 264927
EJoh@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7000
Facsimile: 415.344.7050

Attorneys for Defendant
AMAZON.COM, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.B. a minor by and through her guardian ad litem, SATENIK VARDANYAN,<br><br>          Plaintiff,<br><br>v.<br><br>COLORTONE, INC., AMAZON.COM, INC., and DOES 1 to 50, inclusive.<br><br>          Defendants. | Case No. 2:21-cv-05736-DMG-JEM<br><br>**DEFENDANT AMAZON.COM, INC.'S ANSWER TO COMPLAINT**<br><br>Judge:  The Honorable Dolly M. Gee<br><br>Date Action Removed: July 15, 2021 |

-1-

153090146.1

Defendant Amazon.com, Inc. ("Amazon") answers Plaintiff M.B.'s Complaint as follows:

1.    The allegations in Paragraph 1 assert legal conclusions to which no response is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 1.

2.    Amazon admits that Plaintiff's Complaint, including attachments and exhibits, consists of 5 pages.

3.    Plaintiff left Paragraph 3 blank, and thus no response is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 3.

4.    Plaintiff left Paragraph 4 blank, and thus no response is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 4.

5.    Amazon admits that it is a corporation.  Except to the extent specifically admitted, Amazon denies the allegations in Paragraph 5.

6.    The allegations in Paragraph 6 assert legal conclusions to which no response is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 6.

7.    Plaintiff left Paragraph 7 blank, and thus no response is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 7.

8.    The allegations in Paragraph 8 assert legal conclusions to which no response is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 8.

9.    Plaintiff left Paragraph 9 blank, and thus no response is required.  To the extent a response is required, Amazon denies the allegation in Paragraph 9.

10.    The allegations in Paragraph 10 assert legal conclusions to which no response is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 10.

-2-

153090146.1

11.     Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies them.  The allegations in Paragraph 11 also assert legal conclusions to which no response is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 11.

12.     Plaintiff left Paragraph 12 blank, and thus no response is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 12.

13.     The allegations in Paragraph 13 assert legal conclusions to which no response is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 13.

14.     The allegations in Paragraph 14 assert legal conclusions to which no response is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 14.

15.     Plaintiff left Paragraph 15 blank, and thus no response is required.  To the extent a response is required, Amazon denies the allegations in Paragraph 15.

## FIRST CAUSE OF ACTION
## GENERAL NEGLIGENCE

GN-1.     Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph GN-1, and therefore denies them.  The allegations in Paragraph GN-1 also assert legal conclusions to which no response is required.  To the extent a response is required, Amazon denies the allegations in Paragraph GN-1.

## SECOND CAUSE OF ACTION
## PRODUCTS LIABILITY

Prod. L-1.   Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Prod. L-1, and therefore denies them.

-3-

AMAZON'S ANSWER TO COMPLAINT
CASE NO. 2:21-cv-05736-DMG-JEM

153090146.1

Prod. L-2.    The allegations in Paragraph Prod. L-2 assert legal conclusions to which no response is required.  To the extent a response is required, Amazon denies the allegations in Paragraph Prod. L-2.

Prod. L-3.    Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Prod. L-3, and therefore denies them.

Prod. L-4.    The allegations in Paragraph Prod. L-4 assert legal conclusions to which no response is required.  To the extent a response is required, Amazon denies the allegations in Paragraph Prod. L-4.

Prod. L-5.    The allegations in Paragraph Prod. L-5 assert legal conclusions to which no response is required.  To the extent a response is required, Amazon denies the allegations in Paragraph Prod. L-5.

Prod. L-6.    Plaintiff left Paragraph L-6 blank, and thus no response is required.  To the extent a response is required, Amazon denies the allegations in Paragraph Prod. L-6.

Prod. L-7.    Plaintiff left Paragraph L-7 blank, and thus no response is required.  To the extent a response is required, Amazon denies the allegations in Paragraph Prod. L-7.

## **AFFIRMATIVE DEFENSES**

Without admitting any of the allegations contained in the Complaint, except as set forth above, and without admitting or acknowledging that Amazon bears any burden of proof as to any of them, Amazon asserts the additional and affirmative defenses listed below.  Amazon intends to rely upon all additional defenses that become available or apparent during pretrial proceedings and/or discovery in this action, and Amazon hereby reserves the right to amend this Answer to assert any such further defenses:

AMAZON'S ANSWER TO COMPLAINT
CASE NO. 2:21-cv-05736-DMG-JEM

153090146.1

1. Plaintiff fails to state a claim upon which relief may be granted against Amazon.

2. Amazon did not owe Plaintiff any duty of care regarding the product at issue. To the extent Amazon owed Plaintiff any such duty, Amazon did not breach that duty.

3. Plaintiff's claims against Amazon fail because Amazon did not design, manufacture, sell, or distribute the product at issue.

4. Plaintiff did not exercise ordinary care for her own safety, and by reason thereof, Plaintiff is not entitled to recover damages from Amazon in any sum.

5. Plaintiff, through the exercise of ordinary care, could have avoided her alleged damages.

6. No act or omission on the part of Amazon either caused or contributed to any alleged injury or damages that Plaintiff may have sustained.

7. The sole and proximate cause of Plaintiff's alleged damages sustained was the negligence of Plaintiff.

8. Amazon denies any negligence on its part, but even if it were negligent, the negligence of Plaintiff equaled or exceeded any negligence by Amazon.

9. Plaintiff has failed to join necessary and indispensable parties, and the intervening negligence of, and intervening causation of entities not parties to this action, is a partial or complete bar to all claims asserted by Plaintiff.

10. Plaintiff's alleged damages, if any, were proximately caused by the acts and omissions of others over whom Amazon has no control or right of control. Said acts or omissions were the superseding and/or sole, direct, and proximate cause of Plaintiff's alleged damages, if any.

-5-

AMAZON'S ANSWER TO COMPLAINT
CASE NO. 2:21-cv-05736-DMG-JEM

153090146.1

11. Plaintiff's alleged damages, if any, were caused or enhanced by superseding or intervening events.

12. The benefits of the design and composition of the subject product outweigh the risks, if any, associated with it.

13. The Complaint, and each purported cause of action therein, is barred, in whole or in part, by Plaintiff's assumption, either express or implied, of the risks and dangers, if any, associated with the alleged product, circumstances, conduct, or injuries.

14. Amazon is an improper party to this lawsuit because it had no involvement in the occurrence that underlies this lawsuit and should be dismissed with prejudice.

15. Entities or persons other than Amazon, including potential defendants and Plaintiff, may have misused, abused, altered, and/or improperly maintained, and/or used the product in a manner other than it was intended to be used, and disregarded the warnings, instructions, and directions for the product's use.

16. To the extent that Amazon is liable, Plaintiff was wholly or partially at fault and any award hereunder must be reduced under the doctrine of comparative fault or contributory negligence.

17. Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly enriched if she is allowed to recover any part of the damages alleged.

18. All or part of the injuries, damages, and/or losses Plaintiff sustained, if any, may have been a direct and proximate result of a pre-existing condition that Plaintiff incurred prior to the events alleged in the Complaint.

19. Plaintiff may lack capacity or standing to bring this action.

20. Plaintiff and/or her agent(s) may have failed to preserve and/or permitted and/or intentionally caused the spoliation of material evidence, including

-6-

153090146.1

but not limited to the product which Plaintiff alleges gives rise to each and every cause of action in the Complaint. Such conduct would bar Plaintiff's action and/or give rise to liability for damages payable to Amazon.

21. Plaintiff's claims against Amazon are barred because Amazon had no knowledge of any purported defects in the subject product prior to the subject incident.

22. The injuries and damages suffered by Plaintiff, if any, were the proximate result of misuse, abuse, alteration, or modification of the product and this misuse, abuse, alteration, or modification was the sole proximate cause and/or the intervening and/or superseding cause of the injuries alleged in this action.

23. Plaintiff's claims are barred, in whole or in part, because Amazon's activities complied with all industry standards and with industry custom at all times germane to the incidents that give rise to this lawsuit.

24. Based on the state of scientific and technological knowledge existing at the time Plaintiff used the product at issue in this action, the product was reasonably safe for its normal and foreseeable use at all relevant times. Moreover, the product complied with all applicable industry standards and reflected the current state of the art at the time it was manufactured, sold, and distributed.

25. Amazon had no duty to warn or instruct Plaintiff about the product.

26. Plaintiff's claims are barred, in whole or in part, because the potential dangers concerning the product at issue, if any, were open and obvious and/or generally known and recognized.

27. Plaintiff failed to heed any and all warnings.

28. The Complaint and each purported cause of action therein may be barred, in whole or in part, by the applicable statutes of limitation and/or repose.

29. The Complaint and each purported cause of action therein may be barred, in whole or in part, by the doctrines of estoppel, laches, and waiver.

-7-

153090146.1

30.    Plaintiff's claims against Amazon are barred completely or must be reduced in proportion to the fault attributable to such other parties or third parties as are found liable.

31.    Plaintiff's claims are preempted and barred by the Communications Decency Act, 47 U.S.C. § 230.

32.    Plaintiff's alleged losses, damages, injuries, harm, expenses, diminution, or deprivation may have been caused in whole or in part by Plaintiff's failure to exercise reasonable care and to mitigate damages.

33.    Any award or judgment rendered in favor of Plaintiff should be reduced by the amount of benefits Plaintiff received, or is entitled to receive, from any source as a result of the incident.

34.    Plaintiff's claims may be governed by the law of another jurisdiction, such as the State of Washington.

35.    Some or all of Plaintiff's claims and available damages may be barred by or subject to reduction for prior settlements.

36.    Plaintiff's claims are barred, in whole or in part, by the doctrines of *res judicata*, collateral estoppel, release, accord and satisfaction, settlement, arbitration and award, fraud, offset, and voluntary payment.

37.    Amazon reserves its right to amend its Answer with additional affirmative defenses as discovery in this matter continues.

## **PRAYER FOR RELIEF**

WHEREFORE, Amazon requests the following relief:

(a)    That Plaintiff takes nothing by reason of the Complaint;

(b)    Dismissal of Plaintiff's claims with prejudice;

(c)    Amazon's costs of suit, including reasonable attorneys' fees; and

(e)    For such other relief as the Court deems proper.

-8-

153090146.1

DATED:  July 22, 2021          PERKINS COIE LLP


By:  */s/ Elliott J. Joh*
     Julie L. Hussey
     Elliott J. Joh

AMAZON'S ANSWER TO COMPLAINT
CASE NO. 2:21-cv-05736-DMG-JEM

153090146.1

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record, via the Court's CM/ECF system, on July 22, 2021, as follows:

Haik Beloryan, Esq.
BELORYAN & MANUKYAN, LLP
4730 Woodman Ave., Suite 405
Sherman Oaks, CA 91423
Phone: (818) 387-6428
Fax: (818) 387-6893
Email: beloryanlaw@gmail.com

ATTORNEYS FOR PLAINTIFF
M.B., a minor by and through her
guardian ad litem, SATENIK
VARDANYAN

*/s/ Elliott J. Joh*
Elliott J. Joh

AMAZON'S ANSWER TO COMPLAINT
CASE NO. 2:21-cv-05736-DMG-JEM

153090146.1